**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WESTBURY BANK,**

        **Plaintiff,**

vs.                                                            Case No. 18-CV-655

**KRISTIN A. POTTER and**
**RUSSELL LOWELL POTTER, II,**

        **Defendants.**

---

**ORDER DISMISSING WESTBURY BANK AND PROHIBITING FURTHER LITIGATION INVOLVING THE FUNDS AT ISSUE PURSUANT TO 28 U.S.C. § 2361**

---

On Motion of Plaintiff Westbury Bank ("Westbury"), and for the reasons set forth herein,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. Westbury filed this action as a Statutory Interpleader action, pursuant to 28 U.S.C. §§ 1335, 1397, and 2361. At the commencement of the action, Westbury deposited into the Clerk's Registry the "Funds at Issue" (as defined in the Complaint), as required for the Court to have jurisdiction of this matter under 28 U.S.C. § 1335.

2. Westbury has moved the Court for an order pursuant to 28 U.S.C. § 2361, discharging Westbury from liability and enjoining the Defendants from commencing or prosecuting any duplicative competing litigation involving Westbury and concerning the Funds at Issue.

3. Under 28 U.S.C. § 2361, if the Plaintiff is disinterested in the stake deposited into court, such as Westbury is disinterested here, it is proper for the Court to discharge the

Plaintiff from the suit and relieve it of all liability. *Mendez v. Teachers Ins. & Annuity Ass'n & Coll. Ret. Equities Fund*, 982 F.2d 783, 787 (2nd Cir. 1992); *General Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56 (10th Cir. 1977).

4. Here, Westbury makes no claim to the Funds at Issue, has deposited the Funds at Issue into the Court's Registry, and accordingly Westbury no longer is needed as a party in this action. The two Defendants who make claims to the Funds at Issue, Kristin A. Potter and Russell Lowell Potter, II, are the only necessary parties who need to remain in the case as it moves forward. Accordingly, it is appropriate to discharge and dismiss Westbury as provided in 28 U.S.C. § 2361.

5. In addition, in order to preserve judicial resources and avoid duplicative litigation, the Court also hereby orders that the Defendants in this case, and any other interested persons making claim to the Funds at Issue, are hereby prohibited and enjoined from commencing or prosecuting any competing litigation in this or any other jurisdiction, involving Westbury Bank and the Funds at Issue. *See Ashton v. Josephine Bay Paul & C. Michael Paul Found.*, 918 F.2d 1065, 1072 (2nd Cir. 1990).

6. Westbury in its motion states that it is willing to waive any claim to costs or attorney's fees in this action. The Court finds that it is appropriate for Westbury to be dismissed without an award of costs or attorney's fees.

**NOW, THEREFORE**, Plaintiff Westbury Bank, be and hereby is discharged from any further liability concerning the Funds at Issue, and is hereby dismissed from this action on the merits, with prejudice, and without costs or attorney's fees. Furthermore, the Defendants, and any other interested persons making claim to the Funds at Issue, are

hereby prohibited and enjoined from commencing or prosecuting any competing litigation in this or any other jurisdiction, involving Westbury Bank and the Funds at Issue.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 29th day of June, 2018.

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge