UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

**WESTBURY BANK**

    **Plaintiff,**

    v.                                                          Case No. 18-CV-655

**KRISTIN A. POTTER and
RUSSELL LOWELL POTTER, II,**

    **Defendants.**

───────────────────────────────────────────────

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

───────────────────────────────────────────────

        Westbury Bank brought an action for statutory interpleader pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 against Kristin A. Potter and Russell Lowell Potter, II. The funds at issue consist of $114,389.87. The bank was permitted to deposit the funds into the court's registry and was dismissed from the case. Russell Potter, along with his two companies, The Concerned Group, Inc. and Granite Business Park, LLC, filed a cross-claim for declaratory judgment against Kristin Potter, alleging that she improperly converted the funds and seeks a declaration that he and his companies are entitled to the funds. Kristin Potter moved to dismiss the cross-claim for failure to state a claim and under several abstention doctrines. She also argues that the two companies were never properly joined and thus are not proper parties to this action. For the reasons that follow, Kristin Potter's motion to dismiss is granted in part and denied in part.

## BACKGROUND

        Russell and Kristin Potter were married on May 27, 2010. (Russell Potter's Answer and Cross-Claims to Interpleader Compl. ¶ 32, Docket # 10.) The couple separated on

December 30, 2015 and Russell Potter filed for divorce on May 25, 2016 in the Circuit Court of Benton County, Arkansas. (*Id.*) The Arkansas court issued a standing order for the divorce proceedings, stating that "[i]f property rights are at issue, neither party shall sell, agree to sell, mortgage, pledge or otherwise dispose of or destroy any of the property to which the parties own an interest except in the ordinary course of business." (*Id.*) The divorce proceedings had the first two days of trial on April 12 and 13, 2018, and reconvened in late July 2018. (*Id.*)

Russell Potter founded The Concerned Group, Inc. ("TCGI") in 1971 and Granite Business Park, LLC in 1999. (*Id.* ¶¶ 33-34.) Russell Potter sold the publishing rights of TCGI on December 15, 2015 and on January 7, 2016, received an initial $2 million payment. (*Id.* ¶ 39.) Kristin Potter "did the books" for TCGI and Granite through 2015. (*Id.* ¶ 42.) Russell Potter alleges that Kristin Potter improperly withheld the books from Russell Potter's CPA until March 26, 2016. (*Id.* ¶ 45.) Russell Potter alleges that three major corporate accounts contained a total balance of $842.837.42 and by early June 2016, Kristin Potter allegedly misappropriated, embezzled, and/or converted $1.7 million of the $2.8 million dollars ($2 million in sale funds and the $842,837.42). (*Id.* ¶ 48.) Russell Potter further alleges that from March 2016 through June 2016, continuing on through January 2018, Kristin Potter misdirected, misappropriated, and converted/embezzled corporate money. (*Id.* ¶ 54.)

On September 9, 2016, Kristin Potter opened two accounts at Westbury Bank. (*Id.* ¶ 104.) Russell Potter alleges that the $114,389.87 at issue in this case, previously held by Westbury Bank, has been traced from the TCGI and/or Granite corporate funds, or in part from Russell Potter's funds. (*Id.* ¶ 108.)

On April 25, 2018, Westbury Bank filed an interpleader action against Kristin Potter and Russell Potter. (*Id.* ¶ 36.) On April 27, 2018, I issued an order allowing deposit of funds by Westbury Bank into the Court's Registry and Westbury Bank deposited $114,389.87 the same day. (Docket # 5; Cross-Claim ¶ 38.) Westbury Bank was dismissed from this action on June 29, 2018. (Docket # 21.) Russell Potter filed a cross-claim against Kristin Potter, seeking a declaratory judgment that Russell Potter, TCGI, and Granite are the lawful owners of the $114,389.87 and for an order turning the funds over to Russell Potter, TCGI, and Granite.

## ANALYSIS

Russell Potter seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201. (*Id.* ¶ 140.) Kristin Potter moves to dismiss Russell Potter's cross-claim on several grounds. First, she argues that TCGI and Granite were not properly joined and thus they are not proper parties to the litigation and cannot bring a claim against Kristin Potter. Second, she argues that Russell Potter's cross-claim fails to state a claim on which relief can be granted and thus must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Finally, Kristin Potter argues that I should decline to exercise jurisdiction over the claim because it involves complex issues of Arkansas divorce law, because the parties are currently litigating the distribution of marital assets in their Arkansas divorce trial, and because it is barred by the Domestic Relations Exception and the *Rooker-Feldman* Doctrine. I will address each argument in turn.

*1. Joinder of TCGI and Granite*

Kristin Potter argues that TCGI and Granite were never properly joined to the lawsuit; thus, they are not proper parties to this litigation and their cross-claims must be dismissed. Russell Potter argues that Fed. R. Civ. P. 13(h) permits the joining of additional parties to a cross-claim, governed by Fed. R. Civ. P. 19 and 20. Westbury Bank filed this interpleader action against Kristin Potter and Russell Potter—the interpleader complaint did not include TCGI and Granite. In Russell Potter's answer and cross-claim to the interpleader complaint, Russell Potter simply added two additional parties to the lawsuit. (Docket # 10 at 4.) While Russell Potter is correct that the federal rules allow for the joining of additional parties to a cross-claim, pursuant to Fed. R. Civ. P. 13(h), 19, and 20, a defendant cannot simply join an additional party by adding the party to his responsive pleading.

Rule 19 requires joinder of a nonparty if, without joinder, "the court cannot accord complete relief among existing parties." A Rule 19 motion for joinder is ordinarily brought by a defendant who believes that the case cannot be tried in the absence of some party that the plaintiff chose not to name. *Robertshaw Controls Co. v. Therm-O-Disc, Inc.*, No. 09 C 1816, 2009 WL 4043083, at *1 (N.D. Ill. Nov. 20, 2009). Under Rule 20, which governs permissive joinder, a court must consider whether the moving party met the requirements of Rule 20, as well as considering "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Intercon Research Assocs., Ltd. v. Dresser Indus.*, Inc., 696 F.2d 53, 58 (7th Cir. 1982) (internal quotation and citation omitted).

While TCGI and Granite may be proper parties to this litigation, neither defendant has properly moved to join them and made the requisite showing under either Rule 19 or Rule 20. For this reason, neither TCGI nor Granite are proper parties to this litigation at this time.

2. *Motion to Dismiss for Failure to State a Claim*

Kristin Potter moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Kristin Potter argues that Russell Potter's cross-claim consists of only two paragraphs and is rife with legal conclusions. Russell Potter seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Because of constitutional limits on the jurisdiction of federal courts, the Declaratory Judgment Act "allows federal courts, in their discretion, to render declaratory judgments only where there exists an 'actual controversy.'" *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995) (citing *Crown Drug Co., Inc. v. Revlon, Inc.*,

703 F.2d 240, 243 (7th Cir. 1983)). Accordingly, to survive a motion to dismiss, a complaint seeking declaratory relief "must allege facts sufficient to establish such an actual controversy." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980).

I find that Russell Potter has alleged facts in his counter-claim sufficient to establish an actual controversy. The cross-claim details multiple instances in which Kristin Potter allegedly misappropriated, converted, and/or embezzled funds belonging to Russell Potter. The counter-claim sets forth the dates and the accounts from which Kristin Potter allegedly improperly converted the funds. The cross-claim asks the court for a declaratory judgment that the funds at issue of $114,389.87 belong to Russell Potter. For these reasons, Kristin Potter's motion to dismiss for failure to state a claim is denied.

    3.    *Motion to Dismiss on Abstention Grounds*

Kristin Potter moves to dismiss the cross-claim on several abstention grounds. She argues that because the parties are currently mid-way through a bifurcated trial in which the Arkansas Family Court will determine and distribute the marital assets, it would waste judicial resources to litigate this matter twice in two separate courts. Kristin Potter also argues the cross-claim should be dismissed as barred by the domestic relations exception, which states that federal courts cannot hear certain family law related matters, and the *Rooker-Feldman* doctrine, which bars a lower federal court from reviewing a state court judgment. Russell Potter argues that the Arkansas state court found that the funds at issue are not marital property and not part of the divorce proceedings and dismissed his conversion claims against Kristin Potter without prejudice. Thus, as his conversion claim is not being litigated in Arkansas court, this lawsuit is not redundant.

A motion to dismiss based on an abstention doctrine raises the question of whether a court should exercise subject matter jurisdiction. *Miller Brewing Co. v. ACE U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 739 (E.D. Wis. 2005). In reviewing a Rule 12(b)(1) motion, I look both to the allegations in the complaint and to other materials relating to the exercise of jurisdiction. *Id.* Specifically, I may look to the filings in the state court action without converting the motion into one for summary judgment. *Id.* I must take the plaintiff's allegations as true and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Id.*

Because Russell Potter is not asking to set aside a state court judgment, the *Rooker-Feldman* doctrine does not apply. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Kristin Potter more properly asks the court to abstain pursuant to the *Wilton/Brillhart* abstention doctrine. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), the Supreme Court held that district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (citing *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009)). "This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 itself, which provides that district courts '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Id.* (quoting 28 U.S.C. § 2201(a)) (emphasis in original). The discretionary nature of the Act led the Supreme Court to hold in *Brillhart* and *Wilton* that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion,

stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *Id.* Although the Supreme Court did not set criteria for when a court should exercise its discretion to abstain, the "classic example of when abstention is proper" occurs when a complaint solely seeks declaratory relief and parallel state proceedings are ongoing. *Id.* Proceedings are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.*

The factors the court considers in deciding whether to abstain under *Wilton/Brillhart* are:

> [W]hether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). If the federal court action is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata," declaratory judgment serves no useful purpose. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C. V.*, 28 F.3d 572, 579 (7th Cir. 1994).

Although Russell Potter argues that the Arkansas court ruled that the funds at issue are not marital property, he has not included this ruling as part of the pleadings. What he does include; however, is the Arkansas Family Court's order dismissing Russell Potter's amended complaint as to the conversion claims against Kristin Potter. (Docket # 22-2.) Thus, it does not appear that the Arkansas state court is addressing the conversion claim. Because there are no parallel state court proceedings, I find it proper to retain jurisdiction

over Russell Potter's claim. For these reasons, Kristin Potter's motion to dismiss based on the abstention doctrines is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 17) is **GRANTED IN PART AND DENIED IN PART**. Because The Concerned Group, Inc. and Granite Business Park, LLC were never properly joined, they are not proper parties to this action. However, Kristin Potter's motion to dismiss the cross-claim for failure to state a claim and based on abstention grounds is denied.

Dated at Milwaukee, Wisconsin this 8th day of August, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge